ESCOBAR *v.* ESCOBAR ET AL.

APPEAL from the District Court of San Juan.

No. 441.—Decided February 1, 1910.

ACKNOWLEDGMENT OF NATURAL CHILD—DECLARATION OF FILIATION BY JUDGMENT BY DEFAULT.—The plaintiff A having been declared the natural child of B by a judgment by default against the unknown heirs of the latter, prayed for and obtained a judicial declaration in his favor as the sole and universal heir of said B; B's nieces, having been judicially declared his heirs, asked for a reconsideration of the declaration made in favor of A, and took an appeal from the decision of the trial court denying their application. *Held:* That the appellants should have brought a direct proceeding to annul the judgment of filiation in favor of A, or should have asked for leave to intervene in the action of filiation wherein the judgment was rendered, and therefore the judgment appealed from was affirmed.

The facts are stated in the opinion.
*Mr. Manuel F. Rossy* for appellants.
The respondent did not appear.
MR. JUSTICE WOLF delivered the opinion of the court.

On April 19, 1909, the District Court of Humacao, in the suit of León Escobar against John Doe and Richard Roe, unknown heirs of Antonio Escobar, rendered a judgment which recited that in consideration of the default of the defendants and the proof submitted, that the law and the facts were in favor of the complainant and that, therefore, the court

adjudged that the complainant be declared the natural son of Antonio Escobar, with all the rights pertaining to such filiation.

On May 25, 1909, the same León Escobar filed a motion in the Distict Court of San Juan asking for an order declaring him to be the sole heir of Antonio Escobar, it being alleged that the latter died intestate at Loíza on December 6, 1900. On May 29, 1909, the District Court of San Juan made an order in which it declared León Escobar the sole and universal heir of Antonio Escobar. On June 5, 1909, the present appellants, Ildefonsa Escobar, and her husband, Narciso Rodríguez, made a motion in the District Court of San Juan to reconsider its order of May, 1909, because, as they alleged, among other things, that Ildefonsa Escobar and her three sisters had been declared heirs of their uncle, Antonio Escobar, on December 22, 1900, in the District Court of San Juan; that León Escobar, after living 50 years in Loíza, moved to Humacao, and after a brief residence there filed a petition in the District Court of Humacao to be recognized as a natural son and obtained a judgment by default; that by the certificate of birth presented by León Escobar himself, it appeared that he was a natural son of Manuel Escobar and not of Antonio Escobar; that it was very strange that a person born under such conditions should present a petition for filiation nine years after the death of his supposed father, and that the petitioner had had no notice of the proceedings in the District Court of Humacao.

On June 8, 1909, the District Court of San Juan rendered a decision wherein it held that a declaration of heirship in favor of collaterals did not prevent a similar declaration in favor of direct descendants, because such former declaration is made without prejudice to one who has a better right, and that while the judgment of the district court subsisted there was no ground for a reconsideration. The appeal was taken from this decision.

If the facts are as stated by the appellants it would appear that scant consideration had been given them by León Escobar. Nevertheless, we think that they have mistaken their remedy. They had apparently no standing in the *ex parte* proceedings filed in the District Court of San Juan, and the court was not bound to convert such proceeding into an adversary suit on the mere petition of appellants. They should have begun a direct proceeding in San Juan or Humacao to annul the order in filiation or, by virtue of section 140 of the Code of Civil Procedure, intervened by petition in the suit of León Escobar against John Doe and Richard Roe, wherein such order was obtained, or possibly other remedies were open to them. We find no error in the judgment of the District Court of San Juan and the same must be affirmed.

*Affirmed.*

Chief Justice Hernández and Justices Figueras, MacLeary and del Toro concurred.